**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ORLANDO ESTELIN** | § | |
| **MIRABAL-PARRALES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-58-DB** |
| | § | |
| **CHARISMA EDGE,** | § | |
| **Warden, FCI La Tuna,** | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Orlando Estelin Mirabal-Parrales, Reg. No. 68534-018, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed as moot.

### BACKGROUND

Mirabal-Parrales is a 36-year-old citizen of Ecuador who was formerly confined at the La Tuna Federal Correctional Institution (FCI La Tuna) in El Paso County, Texas, which is within the jurisdiction of this Court. *See* www.bop.gov/inmateloc (search for Reg. No. 68534-018, last visited Nov. 7, 2025); 18 U.S.C. § 124(d)(3). He is no longer in custody as he was released by the Bureau of Prisons (BOP) on September 10, 2025. *Id.*

On March 5, 2017, a United States Coast Guard maritime patrol aircraft on routine patrol in the eastern Pacific Ocean detected a fast-moving vessel in international waters approximately 157 nautical miles west of Ecuador's border. *United States v. Mirabal-Parrales*, 8:17-CR-00115-VMC (M.D. Fla.), Plea Agreement, ECF No. 42 at 20. The Coast Guard Cutter Tampa diverted to the area and launched an over-the-horizon boat to confront the vessel. *Id.* A boarding team observed no indicia of nationality on the vessel and conducted a right-of-visit boarding. *Id.* at 21. The boarding team found four people, including Mirabal-Parrales, along with 55 bales in plain

view on the vessel. *Id.* The bales weighed approximately 1,326 kilograms and field-tested positive for cocaine. *Id.* at 21–22.

Mirabal-Parrales pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. *Id.*, J. Crim. Case, ECF No. 95. He was sentenced to 135 months' imprisonment followed by 60 months' supervised release. *Id.*

In his § 2241 petition, Mirabal-Parrales claims that while in BOP custody he earned a substantial amount of First Step Act (FSA) Earned Time Credits (ETCs) for successfully completing Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities (PA). Pet'r's Pet., ECF No. 1 at 8. But he alleges that the Bureau of Prisons (BOP) has illegally removed his ETCs. *Id.* He concedes that he has an Immigration and Customs Enforcement (ICE) detainer but maintains that he is not the subject of a final order of deportation which, pursuant to 18 U.S.C. § 3632(d)(4)(E), would make him ineligible to apply the ETCs. *Id.* He argues that the BOP has denied him equal protection of the law. *Id.* He asks that the Court intervene on his behalf and order Edge to re-apply his ETCs toward prerelease community-based placement or early release to supervision. *Id.* at 10.

### STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d

2

448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

The Court finds that Mirabal-Parrales satisfied the jurisdictional "in custody" requirement of § 2241 when he filed his petition. *See id.*; *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). But to maintain jurisdiction, the court must have an actual case or controversy before it at all stages of the judicial proceedings to satisfy the requirements of Article III, Section 2, of the Constitution. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Indeed, the Court is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). So, "[a] case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

Mirabal-Parrales' release from BOP custody may have mooted his § 2241 petition because the Court can no longer grant him the prerelease community-based placement or early release to supervision he seeks. Pet'r's Pet., ECF No. 1 at 10.

Still, "the possibility that the district court may alter [Mirabal-Parrales'] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, [may prevent his] petition from being moot." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). But even if Mirabal-Parrales had served a longer custodial sentence than he was supposed to, he is not entitled to "'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998).

3

Additionally, Mirabal-Parrales did not seek a modification of his term of supervised release in his § 2241 petition. But even if Mirabal-Parrales had sought such relief, the Court would not have the jurisdiction to modify the terms of his supervised release. This is because—absent a transfer of jurisdiction over a prisoner's term of supervised release—only the sentencing court has authority to modify the terms of a prisoner's supervised release. *See* 18 U.S.C. § 3601 ("A person who has been … placed on supervised release … shall … be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court."); *id*. § 3605 ("A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter ..."). Thus, this Court in the Western District of Texas—unlike the sentencing court in the Middle District of Florida—could not offer Mirabal-Parrales any further relief.

## CONCLUSION AND ORDERS

The Court concludes that Mirabal-Parrales' release from BOP custody mooted his § 2241 petition, notwithstanding his continued supervision, because the Court can no longer grant the relief that he seeks in his petition: prerelease community-based placement or early release to supervision. Pet'r's Pet., ECF No. 1 at 10; *see Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement").

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Orlando Estelin Mirabal-Parrales' "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

4

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **10th** day of **November 2025**.


THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE